**SEARS SAVINGS BANK, Petitioner,**

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION and Federal Home Loan Bank Board, Respondents.**

**No. 84–7844.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 1985.

Decided Oct. 31, 1985.

William J. Meeske, Latham & Watkins, Los Angeles, Cal., for petitioner.

William K. Black, Assoc. Gen. Counsel, Washington, D.C., for respondents.

Before GOODWIN, ALARCON and POOLE, Circuit Judges.

PER CURIAM:

Sears Savings Bank ("Sears") petitions this court pursuant to 12 U.S.C. § 1730a(k) (1982) for review of a resolution of the Federal Savings and Loan Corporation and the Federal Home Loan Bank Board ("Board") conditionally approving a proposed affiliate transaction between Sears and Dean Witter Reynolds, Inc. Sears challenges two of the six conditions imposed by the Board. Because we find that the Board failed to present an adequate basis and explanation for imposing the conditions, we remand this matter to the Board for a clarification of its decision.

The Board's action in granting conditional approval of Sears' proposed transaction with Dean Witter Reynolds may be set aside if found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 12 U.S.C. § 1730a(k) (1982); 5 U.S.C. § 706(2)(A) (1982); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 414, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971). Although this scope of review is narrow, the Board must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made. *Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983); *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168, 83 S.Ct. 239, 245, 9 L.Ed.2d 207 (1962). Furthermore, in reviewing that explanation, we must be able to "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error in judgment." *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 285, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974); *Citizens to Preserve Overton Park*, 401 U.S. at 416, 91 S.Ct. at 823. The administrative record, however, must sufficiently provide a clue to the agency's decisionmaking analysis for such review to be meaningful. This court should not supply a reasoned basis for the agency's action that the agency itself has not given. *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947). But a decision of less than ideal clarity will be upheld if the agency's path may reasonably be discerned. *Bowman Transportation*, 419 U.S. at 286, 95 S.Ct. at 442.

Here, the Board's resolution simply states that "subject to the conditions set out below, [the proposed] agreement would not be detrimental to the interests of the

savings account holders or to the insurance risk of the Corporation." The Board provides no reasons for imposing these conditions. *Cf. Madison County Building and Loan Association v. Federal Home Loan Bank Board,* 622 F.2d 393 (8th Cir.1980) (Board's conclusory resolution adequate when viewed in conjunction with transcript of Board meeting at which application to open savings and loan branch office was approved). The Board points to an Issues Memorandum prepared for the Board's consideration by its Office of Examinations and Supervision in which the pros and cons of the proposed transaction are discussed and conditions suggested for adoption by the Board. Although the staff memorandum's recommendation corresponds to the action ultimately taken by the Board, the Board's resolution fails to mention or to adopt the memorandum's rationale. Thus, we cannot assume in what respects, if any, the memorandum reflects the views of the Board. *See City Federal Savings & Loan Association v. Federal Home Loan Bank Board,* 600 F.2d 681, 693 (7th Cir.1979).

■ If the administrative record is inadequate to explain the action taken, the preferred practice is to remand to the agency for amplification. *Public Power Council v. Johnson,* 674 F.2d 791, 794 (9th Cir. 1982). *See Citizens to Preserve Overton Park,* 401 U.S. at 420, 91 S.Ct. at 825. Accordingly, we remand this matter to the Board for further proceedings consistent with this opinion.

REMANDED.